Orland **HODGSON**, Plaintiff,

v.

**NCL (BAHAMAS), LTD.,** Defendant.

**Case No. 1:15-cv-23704-UU**

United States District Court, S.D. Florida.

Signed November 23, 2015

Filed November 24, 2015

John Fitzgerald Billera, Billera Law, PLLC, Boca Raton, FL, for Plaintiff.

Amanda Jean Sharkey Ross, Darren Wayne Friedman, Foreman Friedman PA, Brett Michael Berman, Norwegian Cruise Line, Miami, FL, for Defendant.

### *ORDER*

Ursula Ungaro, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint. D.E. 8.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On October 5, 2015, Plaintiff filed a Complaint against Defendant, asserting claims for Jones Act Negligence, General Maritime Law Unseaworthiness, Failure to Provide Maintenance and Cure, and Failure to Treat. D.E. 1. On November 4, 2015, Defendant filed its Motion to Compel Arbitration and to Dismiss Plaintiffs Complaint, arguing that this case should be dismissed because Plaintiff's employment was subject to the terms of an agreement which mandated binding arbitration for any claims arising from his employment. D.E. 8. Furthermore, Defendant argues that this case should be dismissed with prejudice because each claim asserted by Plaintiff should be arbitrated, and staying the action would not serve judicial economy. *Id.*

In responding to Defendant's Motion, Plaintiff "admits that the matter is subject to an Arbitration clause that compels him to arbitrate his claims against the Defendant"; however, Plaintiff argues that the Court should stay the action, not dismiss it with prejudice. D.E. 10 ¶ 5. Plaintiff argues that the case should be stayed for the following reasons: (1) Plaintiff is a "destitute, injured seaman" and will be forced to pay a $400 filing fee within thirty (30) days of the Order of dismissal; (2) Plaintiff would be forced to re-file an action for injunctive relief in a new case despite pending international arbitration if Defendant declines to reinstate Plaintiffs maintenance and cure; (3) Plaintiff is entitled to invoke this Court's jurisdiction to obtain discovery in aid of international arbitration; and (4) Defendant's request is foreclosed by the Eleventh Circuit Court of Appeals' holding in *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir.2005). Because Plaintiff does not oppose Defendant's argument that this case should be submitted, the Court will only consider the analysis as to whether this case should be stayed or dismissed with prejudice.

█ Within this District, a number of courts have dismissed the case where all claims were subject to arbitration. *See Perera v. H & R Block Eastern Enters., Inc.,* 914 F.Supp.2d 1284, 1290 (S.D.Fla. 2012); *Kivisto v. Nat'l Football League Players Assoc.,* No. 10–24226–CIV, 2011 WL 335420 (S.D.Fla. Jan. 31, 2011); *Olsher Metals Corp. v. Olsher,* No. 01–3212–CIV, 2003 WL 25600635 (S.D.Fla. Mar. 26, 2003); *Caley v. Gulfstream Aerospace*

*Corp.,* 333 F.Supp.2d 1367 (N.D.Ga.2004) (compelling arbitration and dismissing the case), *aff'd* 428 F.3d 1359 (11th Cir.2005); *Athon v. Direct Merchants Bank,* No. 5:06–CV–l; 2007 WL 1100477 (M.D.Ga. 2007), *aff'd* 251 Fed.Appx. 602 (11th Cir. 2007). "A case in which arbitration has been compelled may be dismissed in the proper circumstances, such as when *all* the issues raised in . . . court must be submitted to arbitration." *Olsher,* 2003 WL 25600635, at *9. "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Caley,* 333 F.Supp.2d at 1379.

■ In this case, the Court agrees with the parties that this case should be compelled to arbitration. Each claim· alleged in Plaintiffs Complaint falls within the purview of the arbitration provision in the Agreement between Plaintiff and Defendant, and therefore, there is nothing remaining for this Court to consider. D.E. 8–1. Plaintiff's argument that this matter should be stayed because he will be forced to pay $400 because of the case's dismissal is disingenuous. Plaintiff's counsel knew or should have been aware that this case would be subject to arbitration, and the filing of the Complaint notwithstanding this fact is borderline frivolous. Moreover, Plaintiffs argument that Plaintiff is entitled to invoke this Court's jurisdiction to obtain discovery in aid of international arbitration or to contest an arbitrator's award is similarly frivolous. Such issues are governed by entirely separate procedure and law, and the fact that this action is being dismissed is not sufficient reasoning to impose a stay. A majority of Plaintiff's arguments involve the merits of the underlying case and are not relevant for this Court's consideration at this stage. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint (D.E.8) is GRANTED. This action is DISMISSED against Defendant, NCL (Bahamas) Ltd, d/b/a Norwegian Cruise Lines. It is further

ORDERED AND ADJUDGED that this case is CLOSED for administrative purposes. DONE AND ORDERED in Chambers at Miami, Florida, this 23d day of November, 2015.